UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BERL ZWIEBEL,

 Plaintiff,

vs.

GREGORY TONY, in his official capacity
as Sheriff of Broward County, Florida,

 Defendant.
_____/

# COMPLAINT

 BERL ZWIEBEL sues Defendant GREGORY TONY ("Sheriff Tony"), in his official capacity as the Sheriff of Broward County, Florida, and states:

## INTRODUCTION

 1. This is a civil rights action on behalf of Plaintiff whose rights under the First Amendment to the United States Constitution were violated when he was forced to remove his "yarmulka" or "kippa" (religious head covering) while being processed by Broward County Deputy Sheriffs at the Broward County Main Jail in Fort Lauderdale, Florida.

 2. Plaintiff seeks redress for the violations of his right, privileges, and immunities as guaranteed him by the Religious Land Use and Imprisoned Persons Act ("RLUIPA"), 42 U.S.C. § 2000 cc-1(a), the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C § 1983.

## JURISDICTIONAL ALLEGATIONS

 3. This instant action arises under RLUIPA, 42 U.S.C. § 2000cc *et seq*., and the First and Fourteenth Amendments to the United States Constitution.

4. Venue is proper because the actions that give rise to the claims asserted occurred in Broward County, Florida.

5. This Honorable Court has subject matter jurisdiction over Plaintiff's claims based upon federal questions jurisdiction, 28 U.S.C. § 1331.

## PARTIES

6. Plaintiff is a resident of Broward County, Florida, and otherwise *sui juris*.

7. Sheriff Tony is the Sheriff of Broward County ("BSO"), Florida, operating in Broward County, state of Florida, and committed illegal acts intended to and did deprive Plaintiff of his religious liberties in the State of Florida.

8. The BSO is a constituent department or agency which is responsible for providing law enforcement services within Broward County. The BSO serves 14 Broward County cities, all of Broward County's unincorporated areas and has approximately 5,400 employees. The Sheriff is responsible, through his officers, employees, servants, and agents, for enforcing the regulations of Broward County and for ensuring that his officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

9. Sheriff Tony is responsible for establishing policies and customs for the BSO.

10. Sheriff Tony was at all relevant times a law enforcement office acting under color of law for purposes of 42 U.S.C. § 2000cc and 42 U.S.C. § 1983.

11. Sheriff Tony is sued in his official capacity.

## FACTUAL ALLEGATIONS

12. Plaintiff is a devout Orthodox Jewish man and an ordained rabbi.

13. In accordance with his sincerely held religious beliefs, Rabbi Zwiebel wears a religious head covering, commonly referred to as a "yarmulka" or "kippa."

14. Rabbi Zwiebel's belief in Judaism is sincerely held and his belief in the mandate of the religious head covering is deeply rooted in Jewish texts and teachings.

15. Removal of such religious head coverings is prohibited, excepting only under certain circumstances.

### *The November 15, 2018, Traffic Stop*

16. On November 15, 2018, Rabbi Zwiebel was stopped by a Coral Springs police officer for a traffic infraction and was provided a traffic citation with a court date on December 18, 2018.

17. On December 18, 2018, Rabbi Zwiebel appeared at the courthouse as indicated on the traffic citation.

18. Unbeknownst to Rabbi Zwiebel, his traffic case did not make the court's docket and the the Broward County Clerk of Courts notified Rabbi Zwiebel that his matter would be reset to a later date, and that he would receive the new Notice of Hearing in the mail.

19. On January 30, 2019, Rabbi Zwiebel appeared for his scheduled hearing.

20. At the hearing, Rabbi Zwiebel was informed by the Broward County Clerk of Courts that he would receive the next Notice of Hearing in the mail.

21. Although the Broward County Docket indicates when Broward County Clerk of Courts has mailed out the notice(s) of the other hearings to Rabbi Zwiebel, the Broward County Docket does not show any indication that the March 6, 2019, Notice of Hearing, was mailed to Rabbi Zwiebel.

22. Thus, without notice, Rabbi Zwiebel could not, and unfortunately did not appear for the March 6, 2019, hearing.

23. Unbeknownst to Rabbi Zwiebel, due to his failure to appear, the Honorable Judge

Fry issued a capias warrant for the Rabbi's arrest. Bail was set at $500.00 for capias stemming from the traffic infraction.

### The April 25, 2019, Brake Light Arrest

24. On April 25, 2019, as Rabbi Zwiebel was finalizing his last-minute Passover holiday preparations, Rabbi Zwiebel was stopped by Broward County Sheriff's Office Deputy Steven Serphos ("Deputy Serphos") in Coconut Creek due to what Deputy Serphos alleged was a brake light being out on Rabbi Zwiebel's car.

25. Deputy Serphos checked Rabbi Zwiebel's identification and registration, and thereupon saw that a warrant had been issued for Rabbi Zwiebel's arrest for failure to attend the March 6, 2019; a court hearing for which Rabbi Zwiebel had received no notice.

26. The Deputy arrested Rabbi Zwiebel on the spot and transported him to the Broward County Sheriff's Office Main Jail in Fort Lauderdale, Florida. (the "Facility").

27. Once at the Facility, Defendant's deputy asked Rabbi Zwiebel to take off his belt and clothes, including Plaintiff's religious head covering, an approximate 4-inch disk made of cloth material, which Rabbi Zwiebel wears consistently in furtherance and strict adherence to his faith, even to sleep.

28. Rabbi Zwiebel politely objected to this request stating that removal of his religious head covering would constitute a violation of his sincerely held religious beliefs to which Defendant's deputy, using a firm tone of voice, responded by stating that "We do not care about that. That doesn't work over here."

29. In light of the foregoing, Rabbi Zwiebel reluctantly, involuntarily, and against his sincerely held religious beliefs, removed the approximately four-inch cloth material religious head covering commonly referred to as a yarmulka or kippa.

30. Rabbi Zwiebel's religious head covering was then placed together with Rabbi's other belongings and most of his clothing, in an inventory bag.

31. Rabbi Zwiebel-arrested and held by Defendant for over 12 hours in response to a capias improvidently entered and subsequently vacated.

32. At all relevant times, Rabbi Zwiebel was wearing his religious head covering until being involuntarily forced to remove it and remained without any alternative cloth material yarmulka head covering throughout the remainder of his being held by Defendant.

33. At all relevant times, Rabbi Zwiebel's head covering did not pose any threat to Rabbi Zwiebel's safety, and deputy Sheriff's safety nor the safety of any other prisoner.

34. At all relevant times, Defendant never offered to accommodate or otherwise provide any alternative cloth or material to Rabbi Zwiebel in line with his religious practices of covering his head before G-D.

35. As Rabbi Zwiebel's head lay bare with no alternative provided by Defendant, Rabbi Zwiebel was prevented from saying even the most basic of prayers and supplications in yet a further imposition on Rabbi Zwiebel's religious practices.

36. Defendant's policies, customs, and conduct violated Plaintiff's rights as secured under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 2000cc *et seq.*, and 42 U.S.C. §1983.

37. On information and belief, Sheriff Tony and his employees and agents prohibited Rabbi Zwiebel from wearing his religious head covering pursuant to custom, practice, or official policy of the Broward Sheriff's Office. Alternatively, based on information and belief, Sheriff Tony and its employees and agents prohibited Rabbi Zwiebel from wearing his religious head covering, yarmulka or kippa, pursuant to the custom, practice, or official policy implemented by

Sheriff Tony.

38. Defendant, by and through his employees, knowing that Plaintiff wore a religious head covering for religious purposes, forced him to remove it against his sincerely held religious beliefs.

39. Defendant failed to accommodate or otherwise provide an exemption or exception for Plaintiff's sincerely held religious beliefs.

## COUNT I
## VIOLATION OF THE RELIGIOUS LAND USE AND IMPRISONED PERSONS ACT, 42 U.S.C. § 2000 cc

40. Plaintiff repeats and realleges the foregoing paragraphs 1 through 39 as thought fully set forth herein.

41. The RLUIPA provides, in relevant part, the following:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a)(1)-(2).

42. Plaintiff is a "person" as defined under the RLUIPA.

43. Plaintiff wearing a religious head covering is a sincerely held religious belief.

44. At all relevant times, Defendant was covered under the term "Government" as defined under the RLUIPA. *See* 42 U.S.C. § 2000cc-5(4)(A)(i)-(iii).

45. At all relevant times, Defendant's Main Jail where the immediate events transpired is a federally funded "institution" as defined under the RLUIPA (42 U.S.C. § 2000cc-1(a)) and the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA"), 42 U.S.C. § 1997(1)(B)(ii)-(iii)).

46. Defendant's acts or omissions, policies and customs, while Plaintiff was residing

in or confined to Broward County's Main Jail substantially burdened his religious exercise of wearing his yarmulka head covering made of an approximately 4-inch cloth material disk in respect to G-D, thus, leaving his head bare.

47. Defendant's acts or omissions, policies and customs, do not further a compelling government interest.

48. Defendant's acts or omissions, policies and customs, are not the least restrictive means of furthering a compelling government interest.

49. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendant, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## COUNT II
### VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

50. Plaintiff repeats and realleges the foregoing paragraphs 1 through 39 as thought fully set forth herein.

51. 42 U.S.C. § 1983 provides:

**Civil action for deprivation of rights**:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

52. Under the First Amendment, Plaintiff has the right to freely exercise his religion.

53. 42 U.S.C. § 1983 prohibits any person acting under color of state law, custom, or usage, to deprive a citizen of rights secured by the Constitution.

54. Defendant, at all relevant times herein, were acting under color of state law.

55. Defendant deprived Plaintiff of his right to freely exercise his religion.

56. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendant, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## COUNT III
## PRELIMINARY INJUNCTION
## PURSUANT TO FED. R. CIV. P. 65

57. Plaintiff repeats and realleges the foregoing paragraphs 1 through 39 as thought fully set forth herein.

58. Defendant's conduct as alleged above was extreme, outrageous, and intolerable in a civilized society.

59. Defendant's actions were intention and made with reckless indifference to

Plaintiff's rights and sensibilities.

60. Plaintiff's right to the free exercise of his religion was infringed upon and substantially burdened by Defendant's actions.

61. Defendant's policy, practice, and customs of forcing Jewish men to remove their religious head coverings while being processed into police custody is unlawful and infringes upon the right of Plaintiff and other Jewish men, to freely exercise their religion without it being substantially burdened by the government.

62. Defendant's policy, practice, and customs caused and continue to cause Plaintiff and other Jewish men harm.

63. Pursuant to Federal Rule of Civil Procedure 65, as well as the other legal and equitable powers of this Honorable Court, Plaintiff is entitled to the issuance of an injunction enjoining Defendant from continuing their policy, practice, or custom of forcing Jewish men like Rabbi Berl Zwiebel, and those similarly situated to remove their religious head coverings while being processed into police custody, in violation of federal law and the United States Constitution.

64. In the absence of injunctive relief, Plaintiff and other similarly situated Jewish men will continue to suffer irreparable harm.

65. The issuance of an injunction is not likely to cause substantial harm to others because Defendants are capable of processing Jewish men into custody without violating these men's right to freely exercise their religion.

66. Plaintiff has a strong likelihood of succeeding on the merits of his claims.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendant, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory

judgment; costs and attorneys' fees incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## COUNT IV
## DECLARATORY RELIEF
## PURSUANT TO FED. R. CIV. P. 57 AND 28 U.S.C. §§ 2201-2202

67. Plaintiff repeats and realleges the foregoing paragraphs 1 through 39 as thought fully set forth herein.

68. Defendant's conduct as alleged above was extreme, outrageous, and intolerable in a civilized society.

69. Defendant's actions were intention and made with reckless indifference to Plaintiff's rights and sensibilities.

70. Plaintiff's right to the free exercise of his religion was infringed upon and substantially burdened by Defendant's actions.

71. Defendant's policy, practice, and customs of forcing Jewish men to remove their religious head coverings while being processed into police custody is unlawful and infringes upon the right of Plaintiff and others similarly situated, to freely exercise their religion without it being substantially burdened by the government.

72. Defendant's policy, practice, and customs caused and continue to cause Plaintiff and other Jewish men harm.

73. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, as well as the other legal and equitable powers of this Honorable Court, Plaintiff is entitled to declaratory relief that Defendants infringed upon and substantially burdened Plaintiff's right to freely exercise his religion—and continue to do so against other similarly-situated Jewish men—in violation of federal law and the United States Constitution.

74. Plaintiff has a strong likelihood of succeeding on the merits of his claims.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendant, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## JURY DEMAND

Rabbi Berl Zwiebel demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution and 38(b) of the Federal Rules of Civil Procedure.

Dated: August 25, 2021

Respectfully Submitted,

By: /s/ *Kristen D. Montgomery*
Kristen D. Montgomery, Esq.
Florida Bar No.: 1003495
Michael A. Citron, Esq.
Florida Bar No.: 105083
**MAC Legal, P.A.**
*Counsel for Plaintiff*
4601 Sheridan Street, Suite 205
Hollywood, FL 33021
(954) 395-2954 - Telephone
kmontgomery@maclegalpa.com -E-Mail
michael@maclegalpa.com
service@maclegalpa.com - E-Service